Seizer *v.* Mali.

*By the Court,* SUTHERLAND, J. We think that part of the order at special term, appealed from, should be reversed with ten dollars costs. We find neither precedent or principle authorizing that part of the order. (19 *N. Y. Rep.* 9. 1 *Duer,* 652. 1 *Kern.* 575. 3 *R. S.* 293.) The code (§ 388) and the revised statutes have prescribed a mode in which the defendants and their witnesses can have an inspection of the draft, if necessary, here and within the jurisdiction of this court; but we see no *power* in the court to compel the plaintiffs to part with their property (the draft) in the manner and for the purposes contemplated by this order.

Order reversed.

[NEW YORK GENERAL TERM, May 7, 1860. *Sutherland, Bonney* and *Leonard,* Justices.]

SEIZER *vs.* MALI and JEWELL.

Where a complaint alleged that the defendants, officers of a corporation, wrongfully and fraudulently issued false certificates of stock, beyond the chartered power or right of the corporation; that subsequently a parcel of such false certificates, purporting to represent 3000 shares of genuine stock, came into the hands of the plaintiff, by purchase, not from the defendants, but from third parties, who had taken them, either directly or remotely, from the defendants; *Held,* on demurrer, that the complaint showed no cause of action on the part of the plaintiff, against the defendants; there being no privity between the parties, and the plaintiff having his remedy against the parties from whom he purchased the false certificates.

APPEAL from an order made at a special term, overruling demurrers to the complaint.

*John M. Van Cott,* for the appellants.

*S. W.* and *R. B. Rosevelt,* for the respondent.

*By the Court,* SUTHERLAND, J. The defendants severally demurred to the plaintiff's complaint in this action, on the ground, among others, that it does not state facts sufficient to

constitute a cause of action. The demurrers were overruled by the special term, with costs. From these orders overruling the demurrers the defendants have appealed to the general term.

The complaint substantially states that " The Parker Vein Coal Company," a foreign corporation, by its act of incorporation had a capital stock of three millions of dollars, divided into shares of $100 each, and prior to April, 1854, had issued certificates of stock for such shares to the full extent of its capital, which certificates were outstanding and valid; that afterwards the defendants, as president and vice president of the corporation, issued and sold stock beyond the authorized capital; and that the plaintiff afterwards bought from parties (not named in the complaint) 3000 shares of such over-issued stock, believing it to be genuine; but that it is void in law and of no value; wherefore the plaintiff claims that the defendants are liable *to him* for the price paid therefor, with interest.

The complaint alleges that the defendants, by the issue and sale of such spurious certificates of stock, held out the false pretense that the purchasers thereof would obtain thereby the rights and privileges of stockholders in said corporation; but the complaint does not allege that the defendants, or either of them, issued or transferred the 3000 spurious shares or any part thereof, or any spurious certificates, directly to the plaintiff. There is an allegation in the complaint, that the plaintiff, at various times during the months of April and May, 1854, bought certificates, in the aggregate, for 3000 shares of stock, paying therefor $19,250, supposing them to be genuine; but it is not alleged or pretended in the complaint, that the plaintiff bought these certificates, or any of them, of the defendants.

There is an allegation in the complaint, that the plaintiff was induced to pay the sum aforesaid, by the fraudulent acts and false pretenses of the defendants; but there is no allegation that the false pretenses were made by the defendants to

the plaintiff ; or that the fraudulent acts consisted in a transfer of the spurious certificates from the defendants to the plaintiff. The allegation in the complaint is, that the spurious certificates were thrown into the market by the defendants, and that the plaintiff was induced to pay the sum aforesaid by the fraudulent acts and false pretenses of the defendants.

The substance and theory of the complaint plainly is, that the defendants, officers of the corporation, wrongfully and fraudulently issued false certificates of stock beyond the chartered power or right of the corporation ; that in the course of time, a parcel of these false certificates, purporting to represent 3000 shares of genuine stock, came into the hands of the plaintiff by purchase, not from the defendants, but from third parties, who had taken them, either directly or remotely, from the defendants.

The question is, whether the complaint shows any cause of action on the part of the plaintiff against the defendants ? I think it does not. There is no privity between the plaintiff and the defendants. The plaintiff has his remedy against the party or parties of whom he purchased the pretended stock, or false certificates for pretended stock. (*Kendall* v. *Stone*, 1 *Sel.* 14. *Gompertz* v. *Bartlett*, 75 *Eng. C. L. R.* 849. *Kempson* v. *Saunders*, 4 *Bing. R.* 5. *Nockels* v. *Crosby*, 3 *Barn. & Cress.* 814.) The party or parties to whom the defendants directly issued the false certificates, has or have his or their remedy against the defendants ; but the plaintiff has no remedy against the defendants, on the facts stated in the complaint. On these facts it must be presumed, that the *defendants* intended to injure and did injure the party or parties to whom they directly issued or transferred the certificates.

The plaintiff's case is not within the principle of the decision in *Thomas* v. *Winchester*, (2 *Sel.* 397 ;) but it is, I think, within the principle of the decisions in *Mechanics' Bank* v. *The New York and New Haven Rail Road Co.*, (3 *Kernan*, 599 ;) *Farmers' and Mechanics' Bank of Kent Co.* v. *Butch-*

In the matter of Buhler.

*ers' and Drovers' Bank,* (16 *N. Y. R.* 125 ;) and *Zabriskie*
v. *Smith,* (3 *Kernan,* 330.)

The order of the special term, overruling the defendants'
demurrers, should be reversed, with $10 costs ; and the de-
fendants should severally have judgment on their demurrers,
with costs.

[NEW YORK GENERAL TERM, May 7, 1860. *Sutherland, Bonney* and *Leon-
ard,* Justices.]